TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00591-CR







Reynaldo Gaspar Mestre, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF DALLAS COUNTY, 194TH JUDICIAL DISTRICT


NO. F94-51884-JM, HONORABLE DONALD LANE, JUDGE PRESIDING








 A jury convicted appellant Reynaldo Gaspar Mestre of the offense of delivery of
less than twenty-eight grams of cocaine. Controlled Substance Act, 71st Leg., R.S., ch. 678,
Sec.1, § 481.112, 1989 Tex. Gen. Laws 2230, 2935 (Tex. Health & Safety Code Ann. § 481.112,
since amended). With punishment enhanced by a prior felony conviction, the jury assessed
appellant's punishment at imprisonment for fifty-five years and a fine of $10,000.00. In two
points of error, appellant asserts that improper punishment was assessed and that the evidence is
not sufficient to support the jury's finding that he had a prior felony conviction. We will affirm
the judgment of the trial court.

 Appellant was punished for committing a first degree felony. In his first point of
error, appellant insists that his punishment should have been for a state jail felony because the
evidence showed he delivered less than one gram of cocaine and, before his punishment was
imposed, the punishment for that offense had been reduced to a state jail felony. Tex. Health &
Safety Code Ann. § 481.112(b) (West Supp. 1996). Under the Code there is considerable
difference in the range of punishment. Punishment for a first degree felony includes imprisonment
from five to ninety-nine years or life, while punishment for a state jail felony includes confinement
from 180 days to two years. Tex. Penal Code Ann. §§ 12.32, 12.35 (West 1994).

 Appellant's contention raises the issue of whether the general savings clause of the
Code Construction Act, or the special savings clause of the act reclassifying and reducing the
punishment for deliver of less than one gram of cocaine is applicable. Tex. Gov't Code Ann.
§ 311.031 (West 1988); Act of May 29, 1993, 73d Leg., R.S., ch. 900, sec. 2.08(b), 1993 Tex.
Gen. Laws 3586, 3714. This offense was committed March 7, 1994, and appellant was tried, his
punishment imposed, and his motion for new trial overruled during August 1994. The act
providing state jail felony punishment for delivery of less than one gram of cocaine was adopted
on June 19, 1993, to become effective September 1, 1994.

 Appellant claims that the general savings clause of the Code Construction Act
applies. It provides: If the penalty, forfeiture, or punishment for any offense is reduced by a
reenactment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be
imposed according to the statute amended. Tex. Gov't Code Ann. § 311.031(b) (West 1988). 
However, the statute providing state jail time punishment for the delivery of less than one gram
of cocaine also provides a special savings clause that "an offense committed before the effective
date of this article is covered by the law in effect when the offense was committed, and the former
law is continued in effect for that purpose." Act of May 29, 1993, 73d Leg., R.S., ch. 90, sec.
2.08(b), 1993 Tex. Gen. Laws 3586, 3714. The legislature made it clear that the special savings
clause applied to the offense of the delivery of less than one gram of cocaine. Therefore, the
context of the statute requires the application of the special savings clause, not the general savings
clause of the Code Construction Act. Accord Perry v. State, 902 S.W.2d 162, 163 (Tex.
App.--Houston [1st Dist.] 1995, pet. ref'd); Wilson v. State, 899 S.W.2d 36, 37-39 (Tex.
App.--Amarillo 1995, pet. ref'd); see also Ex parte Mangrum, 564 S.W.2d 751, 755 (Tex. Crim.
App. 1978). The offense in this case was committed before September 1, 1994. The trial court
properly instructed the jury on the punishment for a first degree felony, the punishment provided
by the statute in effect when the offense was committed. The trial court did not err in allowing
the jury to assess first degree felony punishment enhanced by the prior felony conviction. 
Appellant's first point of error is overruled.

 In his second point of error, appellant urges that "the evidence on the enhancement
issue failed to support the enhancement issue submitted to the jury." The indictment alleges the
date of conviction as the "8th day of February, 1990." But the court's jury instructions at the
punishment phase of the trial required finding that the date of the prior conviction was the "8th
day of February, 1994." The judgment of conviction admitted in evidence to prove the prior
alleged felony is dated "January 6, 1989." 

 Appellant argues that the holding of Benson v. State, 661 S.W.2d 708, 713-16
(Tex. Crim. App. 1982) (opinion on second motion for rehearing), should be applied; it holds that
evidence is insufficient to support a conviction if the evidence does not conform to the findings
required by the jury's instructions. Appellant points to the variance between the jury's
instructions that require the jury to find appellant's conviction was on the "8th day of February,
1994" and the proof evidenced by the judgment dated "January 6, 1989." Therefore, appellant
contends the substantial variance renders the evidence insufficient to support the jury's findings
that he was convicted of the alleged prior felony offense. Consequently, appellant says the cause
must be remanded to the trial court for a new punishment hearing in which the State will not be
allowed to invoke the enhancement of punishment provisions. He cites as authority Carter v.
State, 676 S.W.2d 353, 354-55 (Tex. Crim. App. 1984).

 We disagree with appellant's argument because, in addition to the date of the prior
conviction, there is sufficient evidence of the prior conviction to support the jury's verdict. 
Although the date of the conviction was incorrectly alleged in the indictment, it was also alleged
that appellant was finally convicted of the felony offense of delivery of a controlled substance in
cause number F88-89883I in Criminal District Court No. 2 of Dallas County. At the punishment
phase of the trial appellant entered a plea of "true" to the enhancement allegations. After
appellant personally entered his plea, the trial court fully admonished appellant that the court,
based on appellant's plea of "true," would instruct the jury to find that appellant had been
convicted of the alleged prior felony offense and would further instruct the jury to assess
appellant's punishment within the range of punishment provided for a first degree felony,
enhanced. Appellant made no objection and twice stated to the trial court that he understood the
court's admonishment, the consequences of his plea of "true," and the range of punishment
applicable. Neither the State nor appellant objected to the variance between the date of conviction
in the judgment, the pleadings, or the court's jury instructions. Appellant has not claimed these
variances surprised him or that they were in any manner detrimental to his defense.

 It is not necessary to allege prior convictions for enhancement of punishment with
the same particularity that must be used in charging the primary offense. Freda v. State, 704
S.W.2d 41, 42 (Tex. Crim. App. 1986); Cole v. State, 611 S.W.2d 79, 80 (Tex. Crim. App.
1981). Contrary to appellant's argument are the cases holding that some variance between
allegations and proof of conviction of prior offenses does not require reversal if there is additional
evidence to prove the conviction for the prior offense. E.g., Freda v. State, 704 S.W.2d 41, 42-43 (Tex. Crim. App. 1986); Rook v. State, 576 S.W.2d 615, 616-17 (Tex. Crim. App. 1978);
Hollins v. State, 571 S.W.2d 873, 875-77 (Tex. Crim. App. 1978); Thompson v. State, 563
S.W.2d 247, 250 (Tex. Crim. App. 1978); Plessinger v. State, 536 S.W.2d 380, 381 (Tex. Crim.
App. 1976); Bray v. State, 531 S.W.2d 633, 634-35 (Tex. Crim. App. 1976); Pinkson v. State,
681 S.W.2d 893, 904-05 (Tex. App.--Fort Worth 1984, pet. ref'd); Lopez v. State, 654 S.W.2d
521, 523-24 (Tex. App.--Corpus Christi 1983, pet. ref'd).

 In the instant case, in addition to the alleged incorrect date of the final conviction,
it was alleged in the indictment, the jury was instructed, and the evidence supports the jury's
verdict that appellant had been finally convicted of the prior felony offense of delivery of a
controlled substance in Criminal District Court No. 2 of Dallas County in cause number
F88-89883I. This evidence sufficiently conforms to the requirement of the jury's instructions and
supports the jury's verdict that appellant had been convicted of the prior felony offense alleged
to enhance punishment. Moreover, appellant's plea of "true" before the jury was sufficient to
support the jury's verdict finding the enhancement allegation true. Foster v. State, 603 S.W.2d
879, 881 (Tex. Crim. App. 1980). Appellant's second point of error is overruled.


 The judgment of the trial court is affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Carroll, Justices Davis* and Dally**

Affirmed

Filed: July 17, 1996

Do Not Publish











* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).


** Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).



delivery of a controlled substance in
cause number F88-89883I in Criminal District Court No. 2 of Dallas County. At the punishment
phase of the trial appellant entered a plea of "true" to the enhancement allegations. After
appellant personally entered his plea, the trial court fully admonished appellant that the court,
based on appellant's plea of "true," would instruct the jury to find that appellant had been
convicted of the alleged prior felony offense and would further instruct the jury to assess
appellant's punishment within the range of punishment provided for a first degree felony,
enhanced. Appellant made no objection and twice stated to the trial court that he understood the
court's admonishment, the consequences of his plea of "true," and the range of punishment
applicable. Neither the State nor appellant objected to the variance between the date of conviction
in the judgment, the pleadings, or the court's jury instructions. Appellant has not claimed these
variances surprised him or that they were in any manner detrimental to his defense.

 It is not necessary to allege prior convictions for enhancement of punishment with
the same particularity that must be used in charging the primary offense. Freda v. State, 704
S.W.2d 41, 42 (Tex. Crim. App. 1986); Cole v. State, 611 S.W.2d 79, 80 (Tex. Crim. App.
1981). Contrary to appellant's argument are the cases holding that some variance between
allegations and proof of conviction of prior offenses does not require reversal if there is additional
evidence to prove the conviction for the prior offense. E.g., Freda v. State, 704 S.W.2d 41, 42-43 (Tex. Crim. App. 1986); Rook v. State, 576 S.W.2d 615, 616-17 (Tex. Crim. App. 1978);
Hollins v. State, 571 S.W.2d 873, 875-77 (Tex. Crim. App. 1978); Thompson v. State, 563
S.W.2d 247, 250 (Tex. Crim. App. 1978); Plessinger v. State, 536 S.W.2d 380, 381 (Tex. Crim.
App. 1976); Bray v. State, 531 S.W.2d 633, 634-35 (Tex. Crim. App. 1976); Pinkson v. State,
681 S.W.2d 893, 904-05 (Tex. App.--Fort Worth 1984, pet. ref'd); Lopez v. State, 654 S.W