MOORE V. STATE

NO. 07-00-0022-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 1, 2000

______________________________

SELERY LASHARD MOORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 204
TH
 DISTRICT COURT OF DALLAS COUNTY;

NO. F99-01662-Q; HONORABLE MARK NANCARROW, JUDGE

_______________________________

Before Boyd, C.J.,  REAVIS and JOHNSON, JJ.

Upon a plea of not guilty, appellant Selery Lashard Moore was convicted by a jury of theft under $1,500, enhanced, and sentenced to twelve years confinement and a $250 fine.  By three issues, appellant challenges the legal and factual sufficiency of the evidence and the propriety of the trial court’s decision to continue with eleven jurors after one juror was dismissed under disability.  Based upon the rationale expressed herein, we affirm.

On October 26, 1998, Dexter Hutchinson, a  customer at a Blockbuster Music store, who often visited the store to listen to new music, noticed appellant standing near a self service counter where compact disc players were displayed.  According to Hutchinson,  appellant looked at him four or five times.  Also, Hutchinson observed appellant remove a carton from the compact disc player counter, walk around the corner of another display counter.  A few minutes later, Hutchinson noticed appellant walk back to the compact disc display counter without the first carton, saw appellant take another carton and walk around the corner, again away from Hutchinson’s view.  While walking away, appellant again looked at Hutchinson.  Believing appellant was stealing compact disc players, Hutchinson walked to the front of the store and told the employees that “the black gentleman in the back with the hat on, you know, grabbed two CDs and I think he’s stealing them.”  Appellant left the store without purchasing any items and followed Hutchinson outside where the two men exchanged words.  Appellant told Hutchinson “to mind your own fucking business.”  When Natalie Smith, the store manager, saw this confrontation, she noted appellant’s license plate number, contacted the police, and then commenced a search of the store.  

The search produced one compact disc player still in its unopened carton located in an area of the store where the disc players were not usually displayed.  Another carton was also found during this search which had been opened and was missing the disc player and its contents.  Appellant’s fingerprints were discovered on the outside plastic packaging of the opened carton and his thumb print was found on the cardboard insert.  After receiving this information, the Richardson Police Department contacted appellant and he voluntarily met with the investigating officers where he specifically denied having taken the compact disc player.  However, based on the fingerprint evidence and appellant’s prior criminal record, Richardson police obtained an arrest warrant for appellant.  Appellant first challenges the legal and factual sufficiency of the evidence.

When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict.  Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996).  It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense.  U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon 2000); Tex. Pen. Code Ann. § 2. 01 (Vernon 1994).  In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991).  The standard is the same for both direct and circumstantial evidence.  Sutherlin v. State, 682 S.W.2d 546, 549 (Tex.Cr.App. 1984).  The legal sufficiency of the evidence is measured by the elements of the offense as defined by the hypothetically correct jury charge that is authorized by the indictment.  Malik v. State, 953 S.W.2d 234, 239 (Tex.Cr.App. 1997).  This is done by considering all the evidence that was before the jury whether proper or improper so that we can make an assessment from the jury's perspective.  Miles v. State, 918 S.W.2d 511, 512 (Tex.Cr.App. 1996 ).  As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988). 

After conducting a legal sufficiency review under Jackson, we may proceed with a factual sufficiency review.  
Clewis
, 922 S.W.2d at 133.  As an appellate court, we view all the evidence without the prism of in the light most favorable to the prosecution and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.  
Id.
 at 129. 

Before determining whether the evidence is legally sufficient to sustain the conviction for theft, we must review the essential elements the State was required to prove.  A person commits the offense of theft if he (1) unlawfully, (2) appropriates property, (3) with the intent to deprive the owner of the property.  Tex. Pen. Code Ann. § 31.03 (Vernon Supp. 2000).  “Appropriate” means to bring about a transfer of title or other non-possessory interest in property or to acquire or otherwise exercise control over property.  
See
 Tex. Pen. Code Ann. § 31.01(4) (Vernon Supp. 2000).  An appropriation is unlawful if it is without the owner’s effective consent.  Tex. Pen. Code Ann. § 31.03 (b) (1) (Vernon Supp. 2000); Stockman v. State, 826 S.W.2d 627, 636 (Tex.App.--Dallas 1992, pet. ref’d).  However, this consent only extends to those customers legitimately on the premises and who are honestly contemplating the purchase of merchandise.  
See 
Ashby
 v. 
State, 604 S.W.2d 897, 901 (Tex.Cr.App. 1980) (en banc) (op. on reh'g).

Here, the assistant store manager testified that:  (1) customers commonly enter the store, look around and leave without purchasing any items; (2) compact disc players were not located in a locked case and the general public was free to handle and move them; and (3) customers often move merchandise from its original location to other places in the store,  and that a major part of her job is returning merchandise to its proper display.  On appeal, appellant acknowledges that the State proved he went into the store, handled two packages containing compact disc players and that he opened one of the packages and removed its contents.  However, he contends that there is no evidence that he unlawfully appropriated the compact disc player to his own use.  We disagree.   

Even though none of the witnesses testified that they saw appellant take a compact disc player from the store and no compact disc player was ever discovered in his possession during the subsequent investigation, the evidence is sufficient if the fact finder’s conclusion is
 warranted by the combined and cumulative force of all the incriminating circumstances
 that show appellant was guilty beyond a reasonable doubt.
(footnote: 1) 
 
Thompson v. State, 563 S.W.2d 247, 250 (Tex.Cr.App. 1989).  The assistant store manager testified that during her search of the store, she had found one compact disc player package which had been opened and its contents removed.  Her testimony regarding her “search” and the taking of the CD is as follows:

Q.  How long were you outside the store before you came back in?

A.  Not even two minutes.

Q.  You look around the store for anything?

A.  After I went inside and we contacted the cops, I walked around, tried to find things like CD cases, and I walked to the rock section and I found an empty CD-player package.

  

Q.  When you said “the rock section,” that the Cds?

A.  It was under the CDs where the overstock goes.

Q.  What did you find?

A.  There’s a plastic wrapper it comes in.  Holds the headphones. CD player . . . the CD player and the headphones were gone.

* * *

Q.  Obviously, there was no CD player inside?

A.  Right.

* * *

Q.  What was left inside?

A.  That, I don’t know.

Q.  Did you find a CD player laying around not in its packaging around the store?

A.  No, ma’am.

* * *

Q.  Did you find another CD player in its package that wasn’t in a place where it was supposed to be?

A.  Yes, ma’am.

* * *

Q.  The CD player that would have been contained in State’s 1 (the empty package with appellant’s fingerprints), was that 
taken
 
without your effective consent
 ? (emphasis added).

A.  Yes, ma’am.

* * *

Q.  You have seen a lot of the CD-player packages?

A.  Yes.

Q.  How would you normally open those?

A.  Like if it was purchased?

Q.  Right.

A.  I had incidents where we cut them with scissors.  They’re not real easy to take apart.  You have to use something sharp.  You cut around the edges to get it open.

Appellant’s fingerprints, which were found on an empty compact disc player package, led to his arrest and conviction.  Generally, fingerprint evidence alone is sufficient to sustain a finding of guilt provided the evidence shows the fingerprints were necessarily left on the object at the time of the offense.  Nelson v. State, 505 S.W.2d 271, 273 (Tex.Cr.App. 1974).  One of the most important factors to be considered in determining the sufficiency of fingerprint evidence is the extent to which the object upon which the fingerprints were discovered was accessible to the accused.  Phelps v. State, 594 S.W.2d 434, 436 (Tex.Cr.App. 1980).  Here, appellant was observed handling two compact disc player packages in a suspicious manner.  The evidence also shows that the packages have to be cut open in order to remove the contents.  Further, appellant’s fingerprints were found not only on the outside plastic packaging, but also on the inside cardboard insert just two minutes after appellant had left the store, and the testimony of the assistant store manager that the CD player had been taken without her consent was uncontradicted.  The combined and cumulative force of all these incriminating circumstances demonstrate that appellant necessarily left his fingerprints on the packaging at the time of the offense and show that he could have been found guilty beyond a reasonable doubt.  
See id.  See also Thompson
, 563 S.W.2d at 250.  As such, the evidence is both legally and factually sufficient.  Appellant’s first two issues are overruled. 
 

By his third issue, appellant contends the trial court abused its discretion in finding that one of the jurors became disabled and then continued appellant’s trial with eleven jurors.  Specifically, appellant argues there is no evidence that juror Amaya was emotionally disabled and unable to perform her duties as a juror.  However, appellant’s objection at trial does not comport with his argument on appeal.  At trial, appellant objected to proceeding with the trial with eleven jurors “as a matter of law.”  On appeal, he now contends there is no evidence showing that juror Amaya was emotionally disabled and thus unable to continue.  A timely and reasonably specific objection is required to preserve error for appellate review.  Tex. R. App. P. 33.1; Butler v. State, 872 S. W.2d 227, 236 (Tex.Cr.App. 1994), 
cert. denied
, 513 U.S. 1157, 115 S.Ct. 1115, 130 L.Ed.2d 1079 (1995).  In addition, the objection at trial must comport with the error complained of on appeal.  Goff v. State, 931 S.W.2d 537, 551 (Tex.Cr.App. 1996), 
cert. denied
, 520 U.S. 1171, 117 S.Ct. 1438, 137 L.Ed.2d 545 (1997).  Thus, because appellant’s complaint on appeal does not comport with his objection below, nothing is presented for our review. 

Moreover, the trial court did not abuse its discretion by excusing juror Amaya.  The Texas Code of Criminal Procedure specifically provides that if a juror dies or becomes disabled from sitting at any time before the charge is read, the remainder of the jury shall  have the power to render the verdict provided the remaining eleven jurors sign the verdict.  
See
 Tex. Code Crim. Proc. Ann. art. 36.29 (Vernon Supp. 2000).  And the determination as to whether a juror is disabled is within the sound discretion of the trial court.  Brooks v. State, 990 S.W.2d 278, 286 (Tex.Cr.App. 1999).  Here, juror Amaya became emotionally disabled as a result of an automobile accident that killed three of her relatives and injured three others.  It cannot be said that the trial court abused its discretion in excusing juror Amaya under emotional disability for the death and injuries of her family members.  
See generally
 Clark v. State, 500 S.W.2d 107 (Tex.Cr.App. 1973).  Because nothing is presented for our review by appellant’s third issue, and because the trial court did not abuse its discretion in excusing juror Amaya, appellant’s final issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

        Justice

Do not publish.

FOOTNOTES
1:
See
 Pesina v. State, 949 S.W.2d 374, 377 (Tex.App.--San Antonio 1997, no pet.) (holding that in a circumstantial evidence case, proof amounting only to a strong suspicion is not enough).