NUMBER 13-00-082-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


KATHY YOLANDE MILLER, Appellant,


v.


THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 329th District Court of Wharton County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Hinojosa, Yañez, and Castillo

Opinion by Justice Yañez


A jury convicted appellant, Kathy Yolande Miller, of deadly conduct (1) and assessed her punishment at eight years
imprisonment and a $5,000 fine. In two points of error, appellant challenges the legal and factual sufficiency of the
evidence to support her conviction. We affirm. 

Background


On December 19, 1998, at approximately 2:30 a.m., deputy John Gutierrez of the Wharton County Sheriff's Department
responded to a report that someone had fired on the residence of Alfred and Maxine Prismeyer. At the time of the incident,
the Prismeyers were out of town. The incident was reported by Maxine's daughter and son-in-law, Laura and Charles
Kainer, who were temporarily staying in a mobile home located directly behind a newly-built and nearly-completed
residence on the Prismeyers' property. The Kainers told Gutierrez that they were awakened by the sound of five rapidfire
shots. Charles told Gutierrez that after hearing the shots, he went outside and saw a truck heading north. According to
Charles, he could tell from the sound of the shifting gears that the truck had a standard transmission. 

Gutierrez was assisted in the investigation by deputies Elloyd Canales and Danny Marek. The Kainers told the officers that
they suspected that appellant, appellant's step-daughter, Wendy Miller, and Wendy's boyfriend, Johnny Camacho, were
involved in the incident. (2) The officers found bullet fragments from a .35 caliber Remington inside the mobile home.
Officer Gutierrez testified that he also found two spent casings and two "unspent casings" in the road. 

After the Kainers told the officers that they suspected appellant's involvement, Officer Canales drove down the road in the
direction of appellant's residence. On the way, he noticed a truck abandoned in a ditch. It was later determined that the
truck, which had a standard transmission, belonged to appellant. When he was returning to the Prismeyers' residence,
Canales encountered Camacho and a friend in a wrecker looking for appellant's truck. Camacho testified that he looked in
the truck for a .35 caliber Remington rifle that he remembered seeing in the back of the truck. After the truck was pulled
from the ditch, appellant drove up on a tractor. When Camacho asked her about the rifle, she said she had walked home
with it.

Appellant was arrested at her home the next day. One of the officers noticed a .35 caliber rifle and a box of .35 caliber
shells in a gun case in appellant's living room. When asked whether the rifle was a .35 caliber Remington, appellant
confirmed that it was. The officer requested permission to take the rifle to the ballistics lab for testing. Appellant
consented, retrieved the key to the locked cabinet, and allowed the officers to take the rifle. A firearms analysis confirmed
that the casings taken from the scene of shooting were fired from appellant's rifle.

Standard of Review 


When we review the legal sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The
standard is the same for cases based on both direct and circumstantial evidence. Earhart v. State, 823 S.W.2d 607, 616
(Tex. Crim. App. 1991); Rosillo v. State, 953 S.W.2d 808, 811 (Tex. App.-Corpus Christi 1997, pet. ref'd). We measure
the legal sufficiency of the evidence by the elements of the offense as defined by the hypothetically correct jury charge,
which accurately sets out the law, is authorized by the indictment, and does not unnecessarily increase the State's burden.
Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Cano v. State, 3 S.W.3d 99, 105 (Tex. App.-Corpus Christi
1999, pet. ref'd). The jury, as the sole judge of the credibility of the witnesses and the weight to be given their testimony, is
free to accept or reject all or any part of the testimony of any witness. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon
1981); Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 

In contrast, in reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a
neutral light, favoring neither party. Johnson, 23 S.W.3d at 7; Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996). Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding
is against the great weight and preponderance of the available evidence. Johnson, 23 S.W.3d at 11. Therefore, we must
determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt
is so obviously weak as to undermine confidence in the verdict, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof. Id. In performing this review, we are to give due deference to the fact finder's
determinations. Id. at 8-9; Clewis, 922 S.W.2d at 136. Consequently, we may find the evidence factually insufficient only
where necessary to prevent manifest injustice. Johnson, 23 S.W.3d at 9, 12; Cain v. State, 958 S.W.2d 404, 407 (Tex.
Crim. App. 1997). These standards for review apply equally to direct and circumstantial evidence cases. Kutzner v. State,
994 S.W.2d 180, 184 (Tex. Crim. App. 1999). 

Discussion


The penal code provides that a person commits deadly conduct:

(b) . . . if he knowingly discharges a firearm at or in the direction of:



(1) one or more individuals; or 



(2) a habitation, building, or vehicle and is reckless as to whether the habitation, building, or vehicle is occupied.



Tex. Pen. Code Ann. § 22.05 (Vernon 1994). 

Appellant argues there are no witnesses who testified she was present at the location of the shooting. She also argues that
the only evidence connecting her to the .35 caliber rifle used in the shooting is weak. Camacho testified that when he was
unable to find the rifle in the truck, he asked appellant about it and she told him that she took it with her when she walked
home because its "ribs were broken." Appellant argues Camacho's testimony should be disregarded because he was
initially a suspect in the investigation of the incident. Appellant also argues that the testimony of Officer Raymond Jansky,
who testified that appellant admitted one of the rifles in her gun cabinet at home was a .35 Remington, should be
disregarded because appellant did not admit that it was the rifle used in the shooting. Appellant argues that although
firearms testing confirmed that the .35 caliber rifle found in her home was used in the shooting, there is no evidence that
connected her to the shooting. She argues that the rifle could have been placed in the gun case by anyone, and notes that
there is no fingerprint evidence linking her to the rifle because the sheriff's department did not examine the rifle for prints. 

Appellant also argues that the evidence is insufficient to establish that she was reckless as to whether the habitation was
occupied because if she had fired the shots, she would have been able to determine from the roadway that no one was
home. 

A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct
when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result
will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of
care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint. 

 

Tex. Pen. Code Ann. § 6.03(c) (Vernon 1994). The culpable mental state of "reckless" is satisfied by evidence indicating
that the defendant "consciously disregarded a known[,] substantial[,] and unjustifiable risk that [the] serious bodily injury
would occur; a risk that if disregarded constitutes a gross deviation from the standard of care an ordinary person would
exercise under the same circumstances." Davis v. State, 955 S.W.2d 340, 348-49 (Tex. App.-Fort Worth 1997, pet. ref'd)
(citing Johnson v. State, 915 S.W.2d 653, 658 (Tex. App.-Houston [14th Dist.] 1996, pet. ref'd)). The culpable mental state
may be inferred from circumstantial evidence, including evidence of the accused's acts, words, and conduct. See Wolfe v.
State, 917 S.W.2d 270, 275 (Tex. Crim. App. 1996); Perez v. State, 41 S.W.3d 712, 717 (Tex. App.-Corpus Christi 2001,
no pet.). 

In circumstantial evidence cases, it is not necessary that every fact point directly and independently to the accused's guilt.
Rather, the evidence is sufficient if the fact finder's conclusion is warranted by the combined and cumulative force of all the
incriminating circumstances. Thompson v. State, 563 S.W.2d 247, 250 (Tex. Crim. App. 1978). Circumstantial evidence,
by itself, may be enough to support a jury's verdict. Kutzner, 994 S.W.2d at 184. The jury's verdict will be sustained unless
the finding of the jury was irrational or unsupported by proof beyond a reasonable doubt. Matson v. State, 819 S.W.2d 839,
846 (Tex. Crim. App. 1991). 

Here, the evidence shows that appellant was found in possession of the .35 caliber Remington rifle that was used in the
shooting. The rifle was found in her home in a locked gun cabinet to which she had the key. With regard to whether
appellant acted recklessly, we conclude a rational trier of fact could have found she was aware of, but consciously
disregarded, the substantial risk that firing a rifle into the Prismeyers' home would result in serious bodily injury. 

Accordingly, we hold that the evidence adduced here is both legally and factually sufficient to support appellant's
conviction for deadly conduct. Appellant's first and second points are overruled. The judgment of the trial court is
AFFIRMED. 

 

LINDA REYNA YAÑEZ

Justice



Do not publish. Tex. R. App. P. 47.3. Opinion delivered and filed this the

12th day of July, 2001.

1. Tex. Pen. Code Ann. § 22.05(b) (Vernon 1994).

2. Appellant's deceased husband, Larry Miller, was the Prismeyers' son and Laura Kainer's brother. Charles Kainer testified
that although an autopsy revealed Larry's death was attributable to an apparent drug overdose, the Prismeyer family had
accused appellant of killing him and there were "a lot of feuds" between appellant and the family.