# NO. 12-15-00251-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOEY LIRA LONGORIA,* *APPELLANT* | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Joey Lira Longoria appeals his conviction for aggravated sexual assault of a child. Appellant raises three issues in which he challenges the sufficiency of the evidence supporting the enhancement allegations and the admission of certain evidence in the punishment phase of trial. We affirm.

### BACKGROUND

Appellant was charged by indictment with aggravated sexual assault of a child. He pleaded "not guilty," and the matter proceeded to a jury trial. At trial, the evidence showed that Appellant sexually assaulted a ten-year-old girl at a park on the Fourth of July. Ultimately, the jury found Appellant "guilty" of aggravated sexual assault of a child and assessed his punishment at imprisonment for ninety-nine years. This appeal followed.

### SUFFICIENCY OF EVIDENCE

In Appellant's first issue, he argues that the trial court erred by denying his motion for an instructed verdict in the punishment phase because the evidence is insufficient to support the enhancement allegations. He contends that the evidence is insufficient because of variances between the enhancement allegations and the proof at trial.

## Applicable Law

Due process requires that a defendant be given notice that the state intends to enhance his punishment by proving prior convictions. *See Villescas v. State*, 189 S.W.3d 290, 294 (Tex. Crim. App. 2006). Enhancement allegations need not be alleged with the same particularity that must be used in charging a primary offense. *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986). A variance between an enhancement allegation and its proof at trial is fatal only if the variance surprised the defendant to his prejudice. *Id.* at 43. The burden is on an appellant to show evidence that the variance surprised him to his prejudice. *See id.*

## Analysis

Several months before Appellant's trial, the State filed its notice of intent to enhance punishment. In the notice, the State alleged the following convictions:

> Prior to the commission of the indicted offense (hereafter styled the primary offense), on the 12th day of October, 1995, in cause number 94-09-04352-CR in the 293rd District Court of Maverick County, Texas, the defendant was convicted of the felony offense of Unauthorized Use of a Motor Vehicle,
>
> And it is further presented in and to said Court that, prior to the commission of the primary offense, and after the conviction in cause number 94-09-04352-CR was final, the defendant committed the felony offense of Assault Family Violence-Enh and was convicted on the 18th day of June, 2009, in cause number 2008CR11178 in the 187th District Court of Bexar County, Texas[.]

During the punishment phase of trial, the State introduced two judgments of conviction. The first judgment names as the defendant a "Joey L. Longoria," a cause number of 94-09-04352-CR, an offense of "Unauthorized Use of a Motor Vehicle," and a judgment date of "1-12-95," in the 293rd District Court of Maverick County, Texas. On appeal, Appellant argues that the variance between the alleged date and the proven date renders the evidence of the enhancement allegation insufficient. We disagree.

As with any variance between an enhancement allegation and its proof at trial, an incorrectly alleged judgment date is fatal only if the variance surprised the defendant to his prejudice. *See Freda*, 704 S.W.2d at 43; *Thompson v. State*, 563 S.W.2d 247, 251 (Tex. Crim. App. [Panel Op.] 1978). Appellant has not shown that he was surprised by the variance between the dates. Therefore, we conclude that the variance between the dates was not fatal to the State's proof of the enhancement allegation. *See Freda,* 704 S.W.2d at 43; *see also Thompson*, 563 S.W.2d at 251.

The second judgment names as defendant a "Joey Lira Longoria," a cause number of 2008CR11178, an offense of "ASSAULT-FAMILY-2ND OFFENSE," and a judgment date of "06-18-2009," in the 187th District Court of Bexar County, Texas. On appeal, Appellant argues that the variance between the alleged offense name and the proven offense name renders the evidence of the enhancement allegation insufficient. However, Appellant has not shown that he was surprised by the variance between the offense names. Therefore, we conclude that the variance between the offense names was not fatal to the State's proof of the enhancement allegation. *See Freda,* 704 S.W.2d at 43; *see also Thompson*, 563 S.W.2d at 251.

Appellant further argues that the evidence of the second enhancement allegation is insufficient because the judgment does not include a fingerprint. To prove an enhancement allegation, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). No specific document or mode of proof is required to prove these elements. *Id.* Here, the State provided a certified pen packet containing the second judgment, a set of fingerprints, a set of photographs, and other identifying information. A fingerprint expert testified that he compared the fingerprints in the pen packet to a set of fingerprints taken from Appellant, and determined that the two sets matched. From this evidence, a rational jury could have found beyond a reasonable doubt that (1) the prior conviction exists, and (2) Appellant is linked to that conviction. *See id.* Accordingly, we overrule Appellant's first issue.

## ADMISSIBILITY OF EVIDENCE

In Appellant's second and third issues, he argues that the trial court erred by admitting certain testimony in the punishment phase because (1) a witness lacked personal knowledge of the subject matter, and (2) evidence of his behavior in court was irrelevant.

### Standard of Review and Applicable Law

A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. TEX. R. EVID. 602. Under the Texas Rules of Evidence, relevant evidence is generally admissible. TEX. R. EVID. 402. Under article 37.07, section 3(a) of the Texas Code of Criminal Procedure, which governs the admissibility of evidence during the punishment phase of a noncapital trial,

evidence may be offered by the state and the defendant as to any matter the court deems relevant to

3

> sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, and opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible[.]

TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1) (West Supp. 2016).

Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403. Rule 403 of the Texas Rules of Evidence favors admissibility of relevant evidence, and the presumption is that relevant evidence will be more probative than prejudicial. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). Rule 403 requires both trial and reviewing courts to analyze and balance (1) the probative value of the evidence, (2) the potential to impress the jury in some irrational, yet indelible, way, (3) the time needed to develop the evidence, and (4) the proponent's need for the evidence. *See Erazo v. State*, 144 S.W.3d 487, 491-92 (Tex. Crim. App. 2004).

In general, a claim is preserved for appellate review only if (1) the complaint was made to the trial court by a timely and specific request, objection, or motion, and (2) the trial court either ruled on the request, objection, or motion, or refused to rule, and the complaining party objected to that refusal. TEX. R. APP. P. 33.1(a); *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003). An objection should be made as soon as the ground for objection becomes apparent. *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995).

Generally, we review a trial court's decision to admit evidence under an abuse of discretion standard. *See Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005). We must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). We will not reverse a trial court's ruling admitting evidence unless that ruling falls outside the zone of reasonable disagreement. *See Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).

**Personal Knowledge**

During the punishment phase of Appellant's trial, the State called Lieutenant Robin Parsons from the Cherokee County Jail to testify regarding Appellant's behavioral issues while in jail. On direct examination, Parsons testified that Appellant was not allowed in cells with

television sets because "he has torn up a TV or two maybe." Immediately following that statement, this exchange occurred:

PARSONS: I'm sorry, repeat the question, I can continue.

PROSECUTOR: What I am trying to get at are there problems—

PARSONS: Yes.

APPELLANT: I never tore up no TV, man.

PARSONS: Okay.

TRIAL COURT: Would you take the jury into the jury room.

With the jury outside the courtroom, Appellant continued to deny destroying the television. The trial court discussed with Appellant the dangers of his outbursts in front of the jury. Defense counsel made no objection to the testimony. When the jury returned, the State continued its examination of Parsons without mentioning the television incident again.

On cross-examination, this exchange occurred:

DEFENSE COUNSEL: Lieutenant Parsons, what was the date on which the TV was destroyed?

PARSONS: I don't know, sir. I couldn't tell you without going back and reading reports.

DEFENSE COUNSEL: What exactly was done to the TV?

PARSONS: The TV from the description given to me, and I don't—I receive—am I allowed to answer how I would know or not know?

DEFENSE COUNSEL: Yes, sir.

PARSONS: Okay. I receive all the incident reports of anything that occurs in the jail. I don't necessarily go back and view personally the location where the incident took place, but I receive the paperwork from all of our officers or whatever. And the indication was to me that a TV had been torn off the wall and was unusable.

DEFENSE COUNSEL: You didn't have any personal knowledge that that TV was tampered with?

PARSONS: Only that when it was brought to my office to ask me what to do with it I told them to throw it away.

DEFENSE COUNSEL: Your Honor, I am going to object to that portion of Lieutenant Parsons's testimony concerning the TV. He obviously doesn't have any personal

5

knowledge so I object to it and move to strike.

TRIAL COURT:        It is already in. Overrule.

On appeal, Appellant argues that the trial court erred by overruling his objection and motion to strike "the testimony of Robyn [sic] Parsons that Appellant had broken a television set when Parsons did not have personal knowledge." Appellant acknowledges that an objection must be made at the earliest possible opportunity or as soon as the ground for the objection becomes apparent. *See Dinkins*, 894 S.W.2d at 355. But he contends that his objection and motion to strike were timely because it was not apparent that Parsons lacked personal knowledge until cross-examination.

The State argues that Parsons did not testify to any facts outside his personal knowledge but testified only to facts that he perceived with his own senses. The State further contends that Appellant waived his complaint by eliciting even more testimony regarding the television incident on cross-examination before objecting. Finally, the State argues that any error in admitting the television testimony was likely inconsequential to the jury's punishment decision in light of the victim's testimony and Appellant's criminal history.

We agree with Appellant's conclusion that Parsons does not appear to have personal knowledge that Appellant destroyed a television. But we disagree with Appellant's contention that the ground for objection became apparent only during cross-examination. The ground for objection was apparent when Parsons stated that Appellant had "torn up a TV or two" because it was then apparent that no evidence had been introduced to support a finding that he had personal knowledge of the incident. *See* TEX. R. EVID. 602. Because Appellant did not object at the time the statement was made, his complaint is not preserved for our review. *See* TEX. R. APP. P. 33.1(a); *Geuder*, 115 S.W.3d at 13; *Dinkins*, 894 S.W.2d at 355.

Furthermore, even if Appellant had preserved his complaint, any error of the trial court in denying the motion to strike is harmless. On appellate review, a nonconstitutional error must be disregarded unless it affects the defendant's substantial rights. TEX. R. APP. P. 44.2(b); *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011). It is the appellate court's duty to assess such harm after a proper review of the record. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001). We will not overturn a criminal conviction for nonconstitutional error if we, after examining the record as a whole, have fair assurance that the error did not influence the jury, or influenced them only slightly. *Id.*

6

After reviewing the record as a whole, we have fair assurance that Appellant's substantial rights were not affected by the error, if any exists. *See id.* The evidence about the damaged television is one small piece of the evidence presented regarding Appellant's behavior in jail. Additionally, there is evidence that, while in jail, Appellant also destroyed telephones, fought with other inmates, assaulted a guard, and was a "problem" in the jail "most of the time."

Moreover, the evidence of the primary offense and Appellant's demeanor during his police interview likely weighed heavily in the jury's punishment decision. Appellant committed the offense in broad daylight in a public place with the victim's family nearby. And he laughed as he described details of the offense to the police. Furthermore, the evidence shows that Appellant's criminal history includes prior felony convictions, including one for assault family violence—second offense.

Finally, the jury was not left with the impression that Appellant's destruction of the television was undisputed. The jury heard Appellant deny destroying the television. And they heard Parsons confirm on cross-examination that he did not witness Appellant destroying the television. Thus, the jury likely gave the television evidence less weight, if any at all, in its punishment decision.

The record as a whole gives us fair assurance that Parsons's testimony that Appellant destroyed a television did not influence the jury, or influenced them only slightly. *See id.* Therefore, we disregard any error in its admission. *See* TEX. R. APP. P. 44.2(b); *Barshaw*, 342 S.W.3d at 93. Accordingly, we overrule Appellant's second issue.

## Relevance

On redirect examination, the State asked Parsons whether Appellant had any behavior outbursts at the courthouse. Defense counsel objected on the basis of relevance. The trial court overruled the objection. Parsons testified that he and another officer had taken Appellant to the restroom. In the restroom, Appellant became visibly upset and angry. He cursed and complained that the trial was moving too quickly. Appellant also hit a stall wall and tore paper towels out of the paper towel holder.

On appeal, Appellant argues that the trial court erred by overruling his objection because the evidence is not relevant under article 37.07, is not probative, and is prejudicial. We disagree. The evidence is relevant to sentencing because it shows his character for angry outbursts and out of control behavior. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1).

We also interpret Appellant's arguments regarding prejudice and probative value as a challenge under Texas Rule of Evidence 403. However, we do not address the merits of this challenge because it is not preserved for our review by an objection at trial. *See* TEX. R. APP. P. 33.1(a); *Geuder*, 115 S.W.3d at 13; *Sony v. State*, 307 S.W.3d 348, 356 (Tex. App.—San Antonio 2009, no pet.) (Rule 403 complaint waived where defendant raised only relevance complaint). Accordingly, we overrule Appellant's third issue.

## DISPOSITION

Having overruled Appellant's first, second, and third issues, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered December 30, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 30, 2016**

**NO. 12-15-00251-CR**

**JOEY LIRA LONGORIA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 2nd District Court

of Cherokee County, Texas (Tr.Ct.No. 19003)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*