Tommy Virgil THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 668–82.

Court of Criminal Appeals of Texas.

Feb. 16, 1983.

Allan K. Butcher, Fort Worth, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall, Larry Moore and Joe C. Lockhart, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

After finding appellant guilty of the offense of burglary, the jury found the allegation of a prior felony offense contained in paragraph two of the indictment to be true, and assessed punishment at ninety-nine years. The conviction was reversed and the cause remanded to the trial court with instructions to enter a judgment of acquittal. We granted the State's petition for discretionary review in order to examine the Court of Appeals' holding that the evidence was insufficient to support the conviction.

At the outset, we note that our recent decision in *Combs v. State,* 643 S.W.2d 709 (Tex.Cr.App.1982) is adverse to appellant's position that a Court of Appeals' holding that the evidence was insufficient to support the conviction is not reviewable by this Court.

The pivotal question in determining the sufficiency of the evidence to support the conviction in this cause is whether there are facts, other than appellant's presence at the scene of the crime, which show that appellant is guilty of the crime.

Mrs. Johnnie Mae Edwards resided alone at her home at 3420 Burger Street in Fort Worth on August 30, 1979. During the morning on that date she left her home to walk to "Strick's store" located "three or four blocks from where I stay." The purpose of the trip to the store was "to get a money order. I had to send off my insurance. I mailed in my health insurance." Before leaving her house, Mrs. Edwards "put the little padlock on the back door."

She did not give appellant or anyone else permission to enter her home. While Mrs. Edwards walked to the store she "got a ride back. That is why I got back so quick." When she returned to her home she observed "a little ole green car" in her driveway. Mrs. Edwards went to the back of the house where she met a person identified as appellant walking around the corner. She had known appellant "ever since he was born." The events surrounding the encounter were described by Mrs. Edwards "—when we met he said, 'I didn't find what I was looking for so I got this.' He held up something in his hand. It looked like a screwdriver to me." The padlock had been removed from the back door. Nothing was missing from the house. In the front bedroom "the bed mattress was all thrown off almost on the floor and pillows all thrown back."

The State asks that we consider a number of factors which it urges constitutes incriminating evidence in addition to appellant's presence at the scene.

First, the State points to appellant's statement "I didn't find what I was looking for so I got this." It is urged that this is tantamount to an admission that appellant was the person who broke into the house. *Hill v. State,* 420 S.W.2d 408 (Tex.Cr.App. 1980), where a statement by the defendant (who was apprehended outside a broken window of a building that had just been burglarized) that "just one" more man was in the building was held to be an incriminating statement which helped to support the conviction. Appellant responds by calling our attention to the testimony of Mrs. Edwards that no property was taken from her house and the fact that she was unable to identify the screwdriver. This is not, as appellant points out, a case involving the unexplained possession of recently stolen goods.

The State next urges that by virtue of the fact that appellant had a screwdriver in his possession "it could reasonably be inferred" that this was the tool by which

entry had been effected. Appellant suggests that this is only speculation on the part of the State since Mrs. Edwards' only testimony in this regard was the padlock had been removed, it was never recovered and there was no evidence to show how it was removed.

The State argues that since Mrs. Edwards was only gone a short period of time that the case of *Thompson v. State,* 563 S.W.2d 247 (Tex.Cr.App.1978) supports its position that there was evidence other than appellant's presence to support the conviction. In *Thompson,* it was held that evidence that the defendant was seen "walking away from the scene and carrying a small case" during the limited amount of time" in which entry could have been made was a circumstance tending to connect appellant with the crime. Appellant answers by pointing out, as the State concedes, that there is no evidence as to exactly how long Mrs. Edwards was gone from her house. Our attention is directed to evidence that Mrs. Edwards was 68 years old, was troubled by high blood pressure, an enlarged heart and arthritis in her knee. While it was only a "pretty good three or four blocks" to the store where she purchased the money order there is no evidence as to where she mailed the letter containing the money order in payment of her insurance premium. Appellant suggests that whether Mrs. Edwards was away from her house fifteen minutes or fifty minutes is a matter of speculation.

■ It is well settled that the mere presence of an accused at the scene of an offense is not alone sufficient to support a conviction; however, it is a circumstance tending to prove guilt which, combined with other facts, may suffice to show that the accused was a participant. *Johnson v. State,* 537 S.W.2d 16 (Tex.Cr.App.1976); *Coronado v. State,* 508 S.W.2d 373 (Tex.Cr. App.1974).

■ It is undisputed that someone removed the padlock from the back door and in an apparent search for something caused the bed in the front room to be in a state of disarray. While we do not know the exact time Mrs. Edwards was gone from her home she did testify that she walked the three or four blocks to the store and "got back so quick" because she received a ride home. Upon her return home she met appellant coming around the corner from the back of the house. Entry was gained by way of the back door. A padlock was removed from the back door. While there is no testimony as to marks which would indicate what type of tool was used in removing the lock, it is of some significance that appellant had a screwdriver in his hand. Upon Mrs. Edwards meeting appellant coming around the corner, appellant uttered what undoubtedly was a spontaneous statement, "I didn't find what I was looking for so I got this." In what has to be a relatively short period of time someone gained entry through the back door and was obviously searching for something in the front bedroom. Each of the foregoing circumstances is of slight probative value, but when considered together we find them sufficient (along with appellant's presence at the scene of the crime) to support the conviction.

The judgment of the Court of Appeals is reversed and the cause is remanded to that Court for consideration of other grounds of error advanced on appeal.

ODOM, CLINTON, TEAGUE and MILLER, JJ., dissent.