**Opinion file June 26, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00154-CR

_____

## LUIS GARCIA LUJAN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-38,346**

### M E M O R A N D U M   O P I N I O N

Luis Garcia Lujan appeals his jury conviction of burglary of a building. *See* TEX. PENAL CODE ANN. § 30.02(a)(3) (West 2011). The trial court sentenced Appellant to confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of one year but suspended the sentence and placed Appellant on community supervision for a term of two years. In a single point of

error, Appellant argues that the evidence was legally insufficient to support his conviction. We affirm.

*Background Facts*

Appellant was charged by indictment with burglary of a building. The indictment alleged that, on or about July 25, 2009, Appellant intentionally entered a building without the effective consent of Humberto Jimenez, the owner therof, and attempted to commit or committed theft of property, to wit: beer. Appellant pleaded "not guilty" to the charge, and the case proceeded to trial.

Investigator Danial Linley of the Ector County Sheriff's Office testified that he was on patrol duty during the early morning hours of July 25, 2009, when he was dispatched to the Far West Event Center[1] at 5850 West University Boulevard in Odessa, Texas, in order to investigate a potential burglary. Once Investigator Linley arrived at the scene, he noticed that several of the business's glass windows and doors were shattered and that glass bottles were scattered outside the front of the building.[2]

Humberto Jimenez, the owner of the Far West Event Center, arrived on the scene after Investigator Linley asked dispatch to call the key carrier of the building. Jimenez and Linley then went inside the building, and Linley noticed a cash register on the floor. Linley also noticed that the coolers did not have a large amount of alcohol in them.

Jimenez testified that the Ector County Sheriff's Office asked him to report to his business, the Far West Event Center, on July 25, 2009, in response to a

---

[1]At trial, Investigator Linley and other witnesses referred to the business targeted by the burglary as the "Far West Club" or the "Far West Nightclub." Because Jimenez referred to his business as the "Far West Event Center," we will refer to the business as the "Far West Event Center" as well.

[2]Linley's description of the scene was confirmed by photographs he took that night, which were provided to the jury. The photographs showed broken glass in several of the windows and doors at the Far West Event Center and beer bottles strewn outside.

2

burglary report. Once he arrived at the scene, Jimenez noted that the front door of his business had been broken, three cash registers had been destroyed, and about forty cases of beer had been stolen. Jimenez stated that the Far West Event Center had been closed at the time of the burglary and that he did not give Appellant permission to enter the building after hours.

Lieutenant Roddy Eaton of the Ector County Sheriff's Office testified that he was on patrol during the early morning hours of July 25, 2009, when he drove past the Far West Event Center. Lieutenant Eaton explained that the business drew his attention because he saw a single vehicle parked in the parking lot at 3:25 a.m.

After Lieutenant Eaton pulled into the parking lot, he observed four to six people standing around a pickup. As Lieutenant Eaton approached the pickup, he notified headquarters of his location. The people then jumped into the pickup, and several of them started yelling "go, go, go, go." The pickup sped off toward FM 1936, and Lieutenant Eaton activated the lights and siren on his patrol vehicle as he began to pursue the pickup. During the course of the fifteen-minute pursuit that followed, the occupants of the pickup threw "beer bottles" at Lieutenant Eaton's patrol vehicle.[3]

The pursuit ended when the pickup reached a dead end. Lieutenant Eaton then took three people into custody: Victor Urias (whom Lieutenant Eaton identified as the pickup's driver), Appellant, and Isaac Hinojos. When Lieutenant Eaton searched the pickup, he found an empty carton of Smirnoff Ice Green Apple Bite[4] in the backseat.

---

[3]Video taken from the dashboard camera in Lieutenant Eaton's patrol vehicle on the night of Appellant's arrest was played for the jury. In the video, the occupants of the pickup can be seen throwing bottles at Lieutenant Eaton's patrol vehicle as he chased the pickup.

[4]Smirnoff Ice is a malt beverage that is packaged in glass bottles.

The jury ultimately found Appellant guilty of the offense of burglary of a building. As we have stated, the trial court sentenced Appellant to confinement for a term of one year but suspended that sentence and placed Appellant on community supervision for a term of two years. As a condition of Appellant's community supervision, the trial court ordered him to serve thirty days in county jail. The trial court also ordered Appellant to pay a fine in the amount of $500.

*Analysis*

Through a single point of error, Appellant contends that the evidence presented at trial was legally insufficient to support his conviction for burglary of a building. Appellant focuses his evidentiary challenge on testimony from Lieutenant Eaton wherein he stated that he did not see Appellant enter the building and that he did not know of anything that Appellant did to aid, encourage, or abet the commission of the crime.

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under that standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

To support a conviction for burglary of a building, the State must prove that a person, without the effective consent of the owner, entered a building and committed or attempted to commit a felony, theft, or an assault. PENAL § 30.02(a)(3). The State may prove burglarious entry through

circumstantial evidence. *Gilbertson v. State*, 563 S.W.2d 606, 608 (Tex. Crim. App. 1978).

In this case, the trial court's charge to the jury included an instruction on the law of parties. Under the law of parties, a person may be convicted as a party to the offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. PENAL § 7.01(a). A person is criminally responsible for an offense committed by the conduct of another if, acting with the intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *Id.* § 7.02(a)(2).

To determine if a person acted as a party to an offense, the trier of fact may look to events occurring before, during, and after the offense. *Salinas v. State*, 163 S.W.3d 734, 739–40 (Tex. Crim. App. 2005). Participation in the offense may be inferred from circumstantial evidence and need not be shown by direct evidence. *Beardsley v. State*, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987).

After reviewing the record, we conclude that the circumstantial evidence presented at trial is sufficient to support Appellant's conviction for burglary of a building as a party. In addition to Appellant's presence at the scene of the burglary, his flight from the scene provides additional circumstantial evidence of his guilt. *See Clayton v. State*, 235 S.W.3d 772, 780 (Tex. Crim. App. 2007) (stating that a factfinder may draw an inference of guilt from the circumstance of flight); *Thomas v. State*, 645 S.W.2d 798, 800 (Tex. Crim. App. 1983) (stating that presence of the accused at the scene of an offense is a circumstance tending to prove guilt that, combined with other facts, may suffice to show that the accused was a participant); *Miller v. State*, 83 S.W.3d 308, 314 (Tex. App.—Austin 2002, pet. ref'd) ("[W]hile mere presence at the scene, or even flight, is not enough to

sustain a conviction, such facts may be considered in determining whether an appellant was a party to the offense.").

Moreover, Appellant's possession of property corresponding to that which was stolen is further circumstantial evidence that he committed the charged offense. *See Rollerson v. State*, 227 S.W.3d 718, 725 (Tex. Crim. App. 2007) (finding that a defendant's unexplained possession of property recently stolen in a burglary permits an inference that the defendant is the one who committed the burglary). Although there was no direct evidence that the bottles thrown from the pickup in which Appellant was riding were the same ones stolen from the Far West Event Center, the jury could have reasonably inferred from the circumstances that the bottles thrown from the pickup linked Appellant to the burglary. *See Jones v. State*, 458 S.W.2d 89, 91–92 (Tex. Crim. App. 1970) ("[A]rticles in an accused's possession may be identified by circumstantial evidence as well as by direct testimony. If it appears [that the articles] correspond with articles that were stolen, the question may go to the jury."); *Villani v. State*, 116 S.W.3d 297, 306 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) ("Proof of ownership may be made by circumstantial evidence.").

We conclude that the logical force of the circumstantial evidence, when viewed in combination with the reasonable inferences from that evidence and in a light most favorable to the verdict, was sufficient for a rational jury to determine that the essential elements of burglary of a building were met beyond a reasonable doubt. Appellant's sole point of error is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

June 26, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.